IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-176 |
| | ) | |
| ERICA PINKNEY | ) | |

SENTENCING MEMORANDUM

AND NOW comes the United States of America, by and through its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant U.S. Attorney for said district, and files the following sentencing memorandum.

By the summer of 2019, Marianna Borough, a small municipality in Washington County, was in dire financial straits. That summer, a representative of the Southwestern Pennsylvania Water Authority had come to a Borough Council meeting to ask why the Borough's water bill had exceeded $40,000 from non-payment. A 2021 audit, performed by Certified Public Accountants and covering the year ending in December 2019, noted serious financial irregularities. These included, among other things, unauthorized personal transactions from Borough accounts; debts of approximately $34,000 to the Borough's garbage service provider and $60,000 to its water supplier; and pay to the office manager, Erica Pinkney, which was at a higher rate and for more hours than was authorized in Borough Council meeting minutes. *See* Exhibit A.

The defendant, Erica Pinkney, served as the Secretary for the Borough from September 2017 through September 2019, and as the Tax Collector for the Borough from July 2018 until September 2019. In her role as tax collector, Pinkney was responsible for collecting taxes from residents of the Borough and had control over the Borough's "Tax Collector Account" at Northwest Savings Bank. In her role as secretary, Pinkney was responsible for calculating the

1

amount of money that residents owed toward the Borough's water and garbage bills; for collecting that money from residents; and for paying the Borough's bills. Many residents of the Borough paid these obligations in cash. The Borough also maintained credit cards on an account at Northwest Bank, to which Pinkney had access.

An FBI investigation, conducted in consultation with the Borough, revealed that those Borough credit cards had been used for significant numbers of personal expenditures from retailers including Sam's Club and Walmart—including many made on rewards accounts belonging to Pinkney. In an interview with the FBI, Pinkney acknowledged making personal expenditures with the Borough's credit cards. She also admitted that money that had been collected for the water and garbage bills could have been used to pay off those credit cards. But she denied additional misconduct involving the money collected for the Borough's bills and the rate that she had been paid.

In this case, Pinkney has accepted responsibility for making personal purchases on the Borough's credit cards and then using money collected from Borough residents to pay the bills. *See* PSR ¶ 12. Based on a stipulated loss of $15,000 to $40,000, her applicable guideline range is four to ten months, satisfied by any of the methods set out in the Presentence Report. *See* PSR ¶ 60. The United States requests that the Court impose a Guideline sentence in this case. Pinkney's conduct betrayed a trust that she owed to the residents of Marianna Borough and has harmed them in tangible ways. It is important for public officials to understand that breaches of that trust will be taken seriously by the Court.

It is also important that Pinkney's sentence includes a restitution order that will help mitigate the financial harm that her conduct has caused to the Borough. To that end, the United

States is requesting a restitution order in the amount of $33,513.59. That amount reflects $6,359.14 worth of Tax Collector checks that were deposited in Pinkney's personal bank account. *See* Exhibit B. It also reflects an alleged $27,154.45 of personal expenditures on the Borough's credit cards. These expenditures are further detailed on the spreadsheet that was prepared by the case agent and submitted as Exhibit C. As the Court will see, many of these expenditures are supported by detailed, itemized receipts that specify the personal nature of the transactions. The Court should infer that similar purchases, made from similar retailers around the same time but unsupported by itemized receipts, are likewise personal in nature. The government will be able to provide additional information and evidence at the sentencing hearing, as necessary.

          Respectfully submitted,

          ERIC G. OLSHAN
          United States Attorney

          s/ Jeffrey R. Bengel
          JEFFREY R. BENGEL
          Assistant U.S. Attorney
          DC ID No. 1018621